OPINION
{¶ 1} Appellant Kenneth Biggers appeals the four-year sentence imposed by the Morgan County Court of Common Pleas on the basis that he was misinformed, in the indictment and at the arraignment, about the penalty for the charge of having weapons while under disability. The following facts give rise to this appeal.
 {¶ 2} On April 11, 2004, Michael Crouser contacted the Morgan County Sheriff's Department concerning a gun shot and threats that had been made against him by appellant. Mr. Crouser reported that appellant was at the residence of Millie Mayle, appellant's girlfriend, on Dille Road, in Stockport. Sheriff Tom Jenkins, Sergeant Doug McGrath and Deputy Tom Jenkins, Jr. responded to the call.
 {¶ 3} Upon arrival at the scene, the officers discovered that only appellant was in the residence. The officers took cover behind their cruisers and ordered appellant to exit the residence. Appellant refused to do so. A standoff ensued for a period of approximately two and one-half hours. The S.W.A.T. team from Washington County and appellant's attorney were both summoned to the scene.
 {¶ 4} At one point, appellant agreed to end the standoff and exited the residence. As he did so, a deputy from the S.W.A.T. team shot him with a taser gun. The shot was ineffective and appellant retreated into the residence. Eventually, appellant's attorney convinced him to turn himself into the authorities. The deputies arrested appellant and placed him in the back of a cruiser. The deputies obtained a search warrant, for the residence, and discovered a .12 gauge shotgun and a .22 caliber rifle hidden between the box springs of Ms. Mayle's bed.
 {¶ 5} On April 23, 2004, the Morgan County Grand Jury indicted appellant for one count of having weapons while under disability, a felony of the fifth degree, and two counts of aggravated menacing, a misdemeanor of the first degree. At his arraignment, on May 5, 2004, the trial court advised appellant of the charges and specifically stated that the possible penalty for having weapons under disability to be incarceration, for a definite term of either 6, 7, 8, 9, 10, 11 or 12 months and a fine of up to $2,500.
 {¶ 6} This matter proceeded to a two-day jury trial on October 6, 2004. Following deliberations, the jury found appellant guilty of the charge of having weapons while under disability and one count of aggravated menacing. The jury found appellant not guilty on the other count of aggravated menacing. On December 14, 2004, the trial court sentenced appellant to four years imprisonment on the charge of having weapons while under disability, a third degree felony, and six months imprisonment on the first degree misdemeanor of aggravated menacing. The trial court ordered the sentences to be served concurrently.
 {¶ 7} Appellant timely filed a notice of appeal. Appellant's brief does not contain a statement of the assignments of error as required by App.R. 16(A)(3). Instead, appellant sets forth a statement of the issues containing two arguments. We will address these issues as two assignments of error. The issues for our consideration are as follows:
 {¶ 8} "I. THE TRIAL COURT ERRED TO THE DETRIMENT AND PREJUDICE OF DEFENDANT/APPELLANT IN ADVISING HIM AT ARRAIGNMENT OF A DIFFERENT AND LESSER PENALTY OTHER THAN THE PENALTY IN EFFECT AT THE TIME OF OFFENSE.
 {¶ 9} "II. DEFENDANT/APPELLANT WAS MATERIALLY PREJUDICED BY THE FAILURE TO (SIC) THE STATE OF OHIO TO AMEND THE INDICTMENT."
 I {¶ 10} In his first issue for our consideration, appellant maintains the trial court erred, to his detriment and prejudice, when it advised him, at the arraignment, of a different and lesser penalty other than the penalty that was in effect at the time of the offense. We disagree.
 {¶ 11} As noted above, the offense in the case sub judice occurred on April 11, 2004. However, on April 8, 2004, R.C. 2923.13(A), the statute setting forth the crime of having weapons while under disability, was amended. The amendment increased the penalty from a fifth degree felony, with a possible maximum term of imprisonment of 6, 7, 8, 9, 10, 11 or 12 months, to a third degree felony, with a penalty of imprisonment of 1, 2, 3, 4 or 5 years. At no time during the proceedings, from arraignment through the jury trial of this matter, did the trial court correct its pronouncement concerning the degree of the felony or the possible range of penalties to be imposed.
 {¶ 12} Appellant maintains that as a result of this misinformation, his ability to elect to proceed to trial or negotiate a plea was substantially affected. Specifically, appellant contends that if he had elected not to proceed to trial and instead accept a plea agreement, he could have utilized the factor of genuine remorse pursuant to R.C.2929.12(F)(5). In support of this argument, appellant cites R.C. 2937.02(D) and Crim.R. 10.
 {¶ 13} The statute at issue, R.C. 2937.02(D), provides as follows:
 {¶ 14} "When, after arrest, the accused is taken before a court or magistrate, or when the accused appears pursuant to terms of summons or notice, the affidavit or complaint being first filed, the court or magistrate shall, before proceeding further:
 "* * * {¶ 15} "(D) If the charge be a felony, inform the accused of the nature and extent of possible punishment on conviction and of the right to preliminary hearing. * * *
 {¶ 16} Appellant also cites Crim.R. 10, which contains the procedure for conducting arraignments. This rule provides, in pertinent part:
 {¶ 17} "(A) Arraignment procedure
 {¶ 18} "Arraignment shall be conducted in open court, and shall consist of reading the indictment, information or complaint to the defendant, or stating to him the substance of the charge, and calling on him to plead thereto. The defendant may in open court waive the reading of the indictment, information, or complaint. The defendant shall be given a copy of the indictment, information, or complaint, or shall acknowledge receipt thereof, before being called upon to plead.
 " * * * {¶ 19} "(C) Explanation of rights
 {¶ 20} "When a defendant not represented by counsel is brought before a court and called upon to plead, the judge or magistrate shall cause him to be informed and shall determine that he understands all of the following:
 {¶ 21} "(1) He has a right to retain counsel even if he intends to plead guilty, and has a right to a reasonable continuance in the proceedings to secure counsel.
 {¶ 22} "(2) He has a right to counsel, and the right to a reasonable continuance in the proceeding to secure counsel, and, pursuant to Crim.R. 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel.
 {¶ 23} "(3) He has a right to bail, if the offense is bailable.
 {¶ 24} "(4) He need make no statement at any point in the proceeding, but any statement can and may be used against him."
 {¶ 25} Appellant concludes the above cited statute and criminal rule required the trial court to correct its statement, made at the arraignment, concerning the penalty for having a weapon while under disability. Appellant further maintains the trial court was under a duty to provide the correct information to him at the arraignment.
 {¶ 26} In response, the state correctly points out that R.C. 2937.02
only applies to preliminary examination upon complaint or affidavit. This matter came before the trial court, not on a complaint or affidavit, but an indictment by the grand jury. Therefore, the requirements of R.C.2937.02 are inapplicable to the facts of the case sub judice.
 {¶ 27} Further, we conclude, as does appellee, that Crim.R. 10 does not require the trial court to inform a defendant of the possible penalties at the arraignment. The statutory provision applicable to the arraignment procedure is set forth in R.C. 2943.02, which provides as follows:
 {¶ 28} "An accused person shall be arraigned by the clerk of the court of common pleas, or his deputy, reading the indictment or information to the accused, unless the accused or his attorney waives the reading thereof. He shall then be asked to plead thereto. Arraignment shall be made immediately after the disposition of exceptions to the indictment, if any are filed, or, if no exceptions are filed, after reasonable opportunity has been given the accused to file such exceptions."
 {¶ 29} This statute, that specifically addresses the arraignment procedure, does not require the trial court to advise a defendant of the potential penalties or of the severity of the offense. Accordingly, we conclude the trial court did not err, to appellant's detriment and prejudice, when it advised appellant, at the arraignment, of a different and lesser penalty other than the penalty that was in effect at the time of the offense.
 {¶ 30} However, appellant would have been prejudiced if, at the time of arraignment, appellant entered a plea of no contest or a guilty plea, based upon the incorrect information provided by the trial court. Since this did not occur in the case sub judice and appellant instead elected to proceed to trial, we find no error exists.
 {¶ 31} Appellant's first issue on appeal is overruled.
 II {¶ 32} Appellant contends, in his second issue for our consideration, that he was materially prejudiced by the failure of appellee to amend the indictment. We disagree.
 {¶ 33} Appellant cites Crim.R. 7(B), which addresses the required content of an indictment. This rule provides, in pertinent part:
 {¶ 34} "(B) Nature and contents
 {¶ 35} "The indictment * * * shall contain a statement that the defendant has committed a public offense specified in the information. The statement may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. Each count of the indictment or information shall state the numerical designation of the statute that the defendant is alleged to have violated. * * *"
 {¶ 36} Also, in support of his argument, appellant cites the Ohio Supreme Court case of State v. Childs, 88 Ohio St.3d 558, 2000-Ohio-425. In the Childs case, defendant challenged the sufficiency of the indictment because it failed to specify the type of drug that was the subject of the aggravated trafficking conspiracy charge. Id. at 564. The Court concluded the indictment sufficiently notified the defendant of the charge against her to satisfy both statutory and constitutional requirements. The Court specifically stated that "[w]hile we agree that she [defendant] was entitled to know the severity of the offense in order to adequately satisfy her right to notice of the charge, we disagree that that information had to be expressly stated in the indictment." Id. at 565-566.
 {¶ 37} The Court further noted that:
 {¶ 38} "Courts have consistently held that certain information need not be specifically set forth in the indictment in order to be sufficiently provided to defendants: `[A] valid indictment need not notify the defendant of the sentencing possibilities to which he is exposed except in a general way.' Id., [Commonwealth v. Cantres (1989),] 405 Mass. [238,] * * * 241, 540 N.E.2d [149,] * * * 151.
 {¶ 39} Thus, according to Childs, even though a defendant is entitled to know the severity of the charged offense, this information does not have to be contained in the indictment. Further, as noted by the state, neither R.C. 2941.03,[1] which addresses the sufficiency of the indictment nor R.C. 2941.05,[2] which addresses the requirements for the statement charging the offense requires the indictment to set forth the sentencing possibilities.
 {¶ 40} Therefore, we conclude appellant was not materially prejudiced by the failure of the state to amend the indictment since it is not required that the indictment set forth the severity or possible penalties of a charged offense.
 {¶ 41} Appellant's second issue on appeal is overruled.
 {¶ 42} For the foregoing reasons, the judgment of the Court of Common Pleas, Morgan County, Ohio, is hereby affirmed.
By: Wise, J., Boggins, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed.
Costs assessed to Appellant.
[1] R.C. 2941.03 provides as follows:
"An indictment or information is sufficient if it can be understood therefrom:
"(A) That it is entitled in a court having authority to receive it, though the name of the court is not stated;
"(B) If it is an indictment, that it was found by a grand jury of the county in which the court was held, or if it is an information, that it was subscribed and presented to the court by the prosecuting attorney of the county in which the court was held;
"(C) That the defendant is named, or, if his name cannot be discovered, that he is described by a fictitious name, with a statement that his true name is unknown to the jury or prosecuting attorney, but no name shall be stated in addition to one necessary to identify the accused;
"(D) That an offense was committed at some place within the jurisdiction of the court, except where the act, though done without the local jurisdiction of the county, is triable therein;
"(E) That the offense was committed at some time prior to the time of finding of the indictment or filing of the information."
[2] R.C. 2941.05 provides as follows:
"In an indictment or information charging an offense, each count shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged."